NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| KENNETH WILLIAMS, : | |
| : | |
| Petitioner, : | Civil No. 12-7203 (JBS) |
| : | |
| v. : | |
| : | |
| DONNA ZICKEFOOSE, : | **OPINION** |
| : | |
| Respondent. : | |

**APPEARANCES:**

Kenneth Williams, Pro Se
#59544-066
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

Elizabeth Ann Pascal
Office of the U.S. Attorney
401 Market Street, P.O. Box 2098
Camden, NJ 08101
Attorney for Respondent

**SIMANDLE**, Chief Judge

   Petitioner Kenneth Williams, currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Respondent answered the petition.  For the following reasons, the petition must be denied.

## BACKGROUND

Petitioner seeks a writ of habeas corpus challenging his federal sentence computation. He alleges that the Bureau of Prisons ("BOP") miscalculated the amount of credit that should be applied to his federal sentence (Petition, Docket Item 1, at pp. 3-5). Petitioner seeks prior custody credit from April 15, 2005 to December 17, 2007. Petitioner argues that Pennsylvania relinquished primary custody of him on April 15, 2005, when it dismissed state charges pending against him. (*Id.*).

Petitioner was convicted of drug charges and sentenced in the United States District Court for the Eastern District of Pennsylvania to a term of 120 months with eight years of supervised release to follow. His federal sentence was imposed on June 19, 2007. Assuming he receives his good conduct time ("GCT"), his projected release date is September 28, 2016. (Declaration of Tara Moran, ¶ 5, Ex. 1).

Prior to his federal sentence, Petitioner was arrested on August 27, 2004 by the Commonwealth of Pennsylvania for drug charges. He was unable to post bail, and at the time of his arrest, was on parole for a prior Pennsylvania sentence. (Declaration of Marcus Boudreaux, ¶¶ 4, 5, 8 and Attachments 1-3). On September 1, 2004, Pennsylvania lodged a bench warrant in the cases in which Petitioner was serving parole. (*Id.*). On March 8, 2005, the federal indictment against Petitioner was returned. (Declaration of Elizabeth Pascal, Ex. A).

On March 23, 2005, Petitioner was transferred from Pennsylvania custody to the United States Marshals Service for five days, until he was returned to Pennsylvania's custody on March 28, 2005. (Boudreaux Decl., ¶ 7, Att. 4).

According to the record provided by Respondent and Petitioner's petition, the drug charges against Petitioner in the Montgomery County, Pennsylvania court, stemming from his arrest on August 27, 2004, were dismissed on April 15, 2005. (Boudreaux Decl., ¶ 8 and Atts. 2, 5). Petitioner remained in Pennsylvania custody because of the violation of parole issue. (*Id.*).

Petitioner spent time in the custody of the United States Marshals from April 22, 2005 until July 29, 2005, when he was returned to Pennsylvania. (*Id.* at ¶ 9, Att. 4). On February 14, 2006, Petitioner's parole was revoked in Pennsylvania, and he was sentenced to a concurrent term of 1 year, 5 months, and 13 days, up to a maximum term of 5 years. (*Id.* at ¶ 10, Att. 6).

On March 6, 2007, Petitioner was transferred from Pennsylvania custody to the Marshals, and, on June 19, 2007, was sentenced for his federal crimes in the Eastern District of Pennsylvania. He was returned to Pennsylvania on June 22, 2007 to continue service of his state sentence. (*Id.* at ¶ 11, Att. 7). Petitioner was paroled from the state sentence on December 17, 2007, and on that date, was

3

released to federal custody to commence his federal sentence. (*Id.* at ¶ 12, Atts. 8, 9).

Here, as noted, Petitioner seeks credit against his federal sentence from April 15, 2005 to December 17, 2007. According to the record of the case, Pennsylvania awarded credit to Petitioner's state criminal sentence from September 1, 2004 through February 13, 2006 (the day before his state parole violation term was imposed), and credit towards his state parole violation sentence from February 14, 2006 through December 17, 2007. (*Id.* at ¶ 13, Att. 5).

## DISCUSSION

### A.   Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2241 to consider Petitioner's claim that the Bureau of Prisons has miscalculated his sentence. *See Blood v. Bledsoe*, 648 F.3d 203, 206 (3d Cir. 2011); *Vega v. United States*, 493 F.3d 310, 313 (3d Cir. 2007*); Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005).

### B.   The Petition is Without Merit

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, *see United States v. Wilson*, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and the Attorney General has delegated that authority to the Director of the Bureau of Prisons, *see* 28 C.F.R. § 0.96 (1992). Computation

4

of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination of, first, the date on which the federal sentence commences and, second, the extent to which credit is awardable for time spent in custody prior to commencement of the sentence:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence.**

18 U.S.C. § 3585(a), (b) (emphasis added).

Pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), as written into the relevant BOP Program Statement, where a federal sentence is imposed to run concurrently to a state sentence, and the federal sentence is to run longer than the state sentence (not counting any credits):

5

> Prior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first sentence begins to run, federal or non-federal.

P.S. 5880.28, Sentence Computation Manual-CCCA, Chapter 1, Section 3, at Page 1-22 (1997).

Here, however, Petitioner's federal sentence was not ordered to run concurrently to his state sentence. (Boudreaux Decl., ¶ 11 and Att. 7). Where the district court is silent regarding concurrence, "[m]ultiple terms of imprisonment imposed at different times run consecutively." 18 U.S.C. § 3584(a). Accordingly, where, as here, a prisoner has finished serving a state sentence before his federal sentence begins, he is not entitled to *Willis* credits. *See Castro v. Sniezek*, 437 F. App'x 70 (3d Cir. 2011); *Galloway v. Warden of F.C.I. Fort Dix*, 385 F. App'x 59, 61, 63, 65 (3d Cir. 2010)(noting that "neither the federal courts nor the BOP are bound in any way by a state court's direction that the state and federal sentences run concurrently" (citations omitted)).

The Bureau of Prisons properly determined that Petitioner's federal sentence commenced to run on December 17, 2007, when he was released from state custody and delivered into federal custody. Petitioner is not entitled to any of the credit he seeks for the time spent in state custody, all of which was credited to his state sentences.

## **CONCLUSION**

For the reasons set forth above, this Court finds that the BOP correctly computed Petitioner's federal sentence and awarded all presentence custody credit to which Petitioner is entitled under 18 U.S.C. § 3585(b). Therefore, this habeas petition will be denied with prejudice for lack of merit. An appropriate Order follows.

        **s/ Jerome B. Simandle**
JEROME B. SIMANDLE, Chief Judge
United States District Court

Dated: **October 23, 2014**